# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Criminal Action 2:12-cr-117 |
| v. | : | Judge Gregory L. Frost |
| JONATHAN M. WALTMAN, | : | Magistrate Judge Elizabeth P. Deavers |
| Defendant. | : | |

## REPORT AND RECOMMENDATION
## and
## CERTIFICATION OF FACTS FOR CONTEMPT

After reviewing Defendant's request for an attorney under the Criminal Justice Act, ("CJA"), 18 U.S.C. § 3006A, and his corresponding affidavit reflecting his financial resources, on April 25, 2012, the Court ordered Defendant to make $100 payments on a monthly basis, made payable to the Clerk for deposit with the Treasury, beginning on May 1, 2012 and on the first day of each month thereafter until judgment is entered in this case. (ECF No. 10.) The Court specifically indicated that it had reviewed Defendant's Financial Affidavit in support of his application for an attorney under the CJA and noted that he has a substantial savings and stock investments. (*See* CJA 23, Financial Affidavit, ECF No. 4 (sealed).) This matter is before the Court *sua sponte* for a Report and Recommendation and Certification of Facts regarding contempt. For the reasons that follow, it is **RECOMMENDED** that a show cause order be issued to Defendant Jonathan M. Waltman to appear before the District Judge on a date certain and show cause why he should not be held in contempt of this Court.

## I. MAGISTRATE JUDGE'S AUTHORITY REGARDING CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.") The statute sets out the criminal contempt authority of a magistrate judge and the scope of his or her civil contempt authority in civil consent and misdemeanor cases. Because this case arises as a felony matter and the facts do not give rise to a finding of summary criminal contempt for misbehavior of the Defendant in the undersigned's presence, Section 636(e)(6)(B) controls.

Section 636(e)(6) of the United States Magistrate Judges Act provides that when a person commits an act in a proceeding before a magistrate judge under 28 U.S.C. § 636(a) or (b), or any other statute which may constitute civil contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). A contempt committed in "a proceeding before a magistrate judge" includes not only a contempt committed in the magistrate judge's presence, but also a contempt related to proceedings before the magistrate judge. *United States v. Ivie*, No. 05-234MAV, 2005 WL 1759727 (W.D. Tenn. 2005) (citing *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 901 n.17 & 902 n.19 (3d. Cir. 1992). In a proceeding before a magistrate

judge, disobedience to any lawful order may constitute contempt. 28 U.S.C. § 636(e).[1]

## II.  CERTIFIED FACTS

The facts regarding this Report and Recommendation are simple and straightforward. On November 10, 2011, a criminal complaint was filed against Defendant for allegedly receiving child pornography in interstate commerce in violation of 18 U.S.C. § 2252(a)(2).[2] In association with the Complaint, Defendant requested that the Court appoint him an attorney and submitted a Financial Affidavit. On his Financial Affidavit, Defendant disclosed that he had a substantial amount of cash on hand as well as stocks, mutual funds, and income from dividends. Originally, the undersigned conditionally appointed counsel to represent Defendant but indicated if he had the ability to make monthly payments towards the expense of appointing counsel, he would be required to do so. (ECF No. 5.) On April 25, 2012, having conferred with Pretrial Services regarding Defendant's financial situation and after reviewing his Financial Affidavit, the undersigned ordered Defendant to pay a modest amount of $100 per month towards his representation under the CJA beginning on May 1, 2012. (Order, 4/25/12, ECF No. 10.) According to the Court's Financial Division, Defendant has failed to make the required payments for the months of May, June, July, and August. Indeed, he has never made a single payment nor

---

[1] The magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge. *See, e.g., Intl'l Brotherhood of Elec. Workers, Local 474 v. Eagle Elec. Co., Inc.,* No. 06–2151, 2007 WL 622504, at *1, n.1 (W.D. Tenn. Feb.22, 2007); *NXIVM Corp. v. Bouchey,* No. 1:11–mc–0058, 2011 WL 5080322, at *3 (N.D.N.Y. Oct.24, 2011) (and cases cited therein).

[2] Defendant has since pleaded guilty pursuant to an information charging him with knowingly possessing visual depictions of child pornography in interstate commerce in violation of 18 U.S.C. § 2252(a)(4).

sought relief from this Court from his obligation to do so.

**III.    ANALYSIS**

    **A.    Allocation of Costs for Representation Under Civil Justice Act**

Defendant sought and obtained court-appointed counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3660A. Under the terms of the CJA, the Court has a duty to make appropriate inquiry into Defendant's financial condition. 18 U.S.C. § 3006A(b). For purposes of the CJA, financial inability does not mean indigence; a defendant need not be destitute to qualify for appointment of counsel. *See United States v. Quinlan*, 223 F. Supp. 2d 816, 817 (E.D. Mich. 2002) ("Financial inability . . . does not mean indigency, but an inability to pay for counsel.") Based on the information Defendant provided in his Financial Affidavit, the Court found that Defendant was qualified for the appointment of counsel under the CJA.

Nevertheless, the CJA contemplates that a defendant may, in some instances, be financially able to contribute to his or her defense:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that *the person is financially able* to obtain counsel or *to make partial payment for the representation*, *it may* terminate the appointment of counsel or *authorize payment* . . . as the interests of justice may dictate.

18 U.S.C. § 3006A(c) (emphasis added); *see also* 7 Guide to Judiciary Policy, Chapter 2–Appointment and Payment of Counsel, § 210.40.40 ("[T]he judicial officer should find the person eligible for the appointment of counsel under the CJA and should direct the person to pay the available excess funds to the clerk of the court at the time of such appointment or from time to time thereafter.").

In this case, Defendant represented that he had assets including stocks and mutual funds in excess of $10,000 in addition to monthly dividends. Moreover, he averred he had approximately $10,000 in cash on hand. Under these circumstances, the undersigned found it just and appropriate to require Defendant to make partial payments, on a monthly basis during the pendency of the charges against him in this Court, to the Treasury of the United States for credit to the Defender Services appropriation.

B.     **Standard for Contempt for Failure to Obey Court Order**

> When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court. *See NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987). Recognizing that the power "to punish for contempts" should not be used lightly, the Supreme Court has stated that this power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911). Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner.

*IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party who has disobeyed a court order may be held in civil contempt if it is shown, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring [him or her] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Cincinnati Bronze*, 829 F.2d at 591 (quotation omitted). Once a *prima facie* case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716,

5

720 (6th Cir. 1996) (quotation omitted). The Court must also assess whether the defendant "'took all reasonable steps within [its] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 f.2d 967, 969 (6th Cir. 1989)).

Turning to the instant matter, Defendant's failure to make payments towards his CJA representation after being directed to do so constitutes disobedience of a lawful court order and thus amounts to contempt before the Magistrate Judge. The Court's April 25, 2012 Order was clear and unambiguous, as is the proof of Defendant's noncompliance. Defendant has made no attempt whatsoever to comply with the Order. Nor has he made any effort to be relieved from his obligation to make such payments.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the District Judge issue a show cause order to Defendant to appear at a date certain for a hearing during which Defendant should show cause why he should not be held in contempt for failing to obey the undersigned's April 25, 2012 Order requiring him to contribute to the costs of his defense. Further, it is **RECOMMENDED** that Defendant be compelled to pay the $400 due and owing for his representation for the months May, June, July, and August, and whatever additional sanctions the District Judge deems appropriate for failing to obey a lawful Order of this Court.

**DATE: August 7, 2012**          s/ *Elizabeth A. Preston Deavers*
          **ELIZABETH A. PRESTON DEAVERS**
          **UNITED STATES MAGISTRATE JUDGE**